UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE<br><br>X'LEXUS JOHNSON,<br><br>Debtor,<br><br>NANCY GARGULA, United States Trustee,<br><br>Petitioner,<br><br>v.<br><br>WENDELL TAYLOR,<br><br>Respondent. | Case No. 16-cv-64-JPG<br>Ch. 13 Bankruptcy Case No. 15-31025 |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on the report, recommendation and certification ("Report") (Doc. 4) of Bankruptcy Judge Laura K. Grandy finding respondent Wendell Taylor violated the terms of a Consent Judgment and Injunction entered in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392, (Bankr. S.D. Ill.), and subsequently violated 11 U.S.C. § 110 in a number of ways in connection with the bankruptcy proceeding of debtor X'Lexus Johnson. Judge Grandy recommended sanctions as well as findings of civil and criminal contempt.   Taylor filed an objection to the Report (Doc. 10).

This matter arose in connection with Johnson's bankruptcy after her voluntary Chapter 13 petition was dismissed for want of prosecution because she failed to submit the required documents with her petition.   In considering Johnson's motion to reinstate her case, the Bankruptcy Court came to believe Taylor had prepared Johnson's petition in violation of the *In re Cross* Consent Judgment and Injunction, in which he agreed to a Bankruptcy Court order enjoining

him permanently from acting as a bankruptcy petition preparer. The Bankruptcy Court was tipped off to Taylor's alleged involvement at an August 13, 2015, hearing on Johnson's motion to reinstate her case. At that hearing, Johnson indirectly identified Taylor as the person who prepared her petition; she said it was the same preparer who had helped her aunt prepare her petition, and Bankruptcy Court records reflect that was Taylor. The Bankruptcy Court found Johnson's testimony credible. Of course, Taylor did not receive notice of the hearing because Johnson's petition did not disclose that Taylor prepared her petition, and until the hearing, there was no indication he was connected to the case.

The information that came to light at the August 13, 2015, hearing spurred the United States Trustee to file a motion for sanctions against Taylor and for a referral from the District Court for possible criminal prosecution (Doc. 2). The United States Trustee's motion was based in part on Taylor's apparent preparation of Johnson's bankruptcy petition. The motion was served on Taylor by mail. Judge Grandy set a hearing on that motion for October 15, 2015, and notice of that hearing was served on Taylor by mail. He failed to appear at the hearing

After considering the United States Trustee's motion and Taylor's failure to appear at the October 15, 2015, hearing, Judge Grandy issued the Report finding Taylor had violated the Consent Judgment and Injunction in *In re Cross*, had independently violated various provisions in 11 U.S.C. § 110, and recommending that the Court withdraw, in part, the Bankruptcy Court reference in the instant case and in *In re Cross* pursuant to 28 U.S.C. § 157(d) for the limited purpose of considering criminal contempt proceedings or further civil contempt proceedings against Wendell Taylor for the foregoing violations. Judge Grandy specifically recommends:

- Granting the U.S. Trustee's motion for sanctions (Doc. 2);
- Imposing fines of $7,500.00 pursuant to 11 U.S.C. § 110(*l*)(1) and (2), payable to the

> United States Trustee, for violations of 11 U.S.C. §§ 110(b)(1), (b)(2), (c)(1), (e)(2)(A), and (h)(2);

- Imposing a $2,000.00 fine payable to debtor X'Lexus Johnson pursuant to 11 U.S.C. § 110(i)(1);

- Ordering that Taylor fully disgorge and forfeit the $400.00 fee that he received in this case;

- Finding that Taylor is in civil contempt of the Consent Judgment and Injunction entered by the Bankruptcy Court on March 13, 2012, in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392; and

- Finding that Taylor is in criminal contempt of the Consent Judgment and Injunction entered by this Court on March 13, 2012, in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392.

Taylor was served by mail with the Report and advised in writing that he had fourteen days to file written objections to the Report.

In the meantime, the Bankruptcy Court transmitted the Report to this Court for its consideration. This Court extended Taylor's time to object until March 25, 2016; Taylor filed a late objection on March 28, 2016. Taylor objects only to Judge Grandy's finding that he prepared Johnson's bankruptcy petition, calling Johnson's testimony "so incredibly unbelievable" that with proper cross-examination, it would have been obvious she was not telling the truth. Obj. 3 (Doc. 10).

The Court first considers Judge Grandy's recommendation to withdraw the bankruptcy reference pursuant to 28 U.S.C. § 157(d), which allows the Court to withdraw a bankruptcy reference for cause. Good cause exists to withdraw the reference for limited issues in this case and in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392, (Bankr. S.D. Ill.), namely, possible civil and criminal sanctions against Taylor. Deciding the pending motion for sanctions requires consideration of the Bankruptcy Code, Title 11 of the United States Code, governing

bankruptcy petition preparers, as well as civil and criminal contempt rules, for which there is some question about the Bankruptcy Court's power to adjudicate.  *See, e.g., Cox v. Zale Del., Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001) (noting "it is unsettled whether *bankruptcy* judges have criminal-contempt powers").   The Court further notes Taylor failed to object to the withdrawal of the reference and finds that by failing to object, he has waived any objection to that action.   For these reasons, the Court **WITHDRAWS in part** the bankruptcy reference in this case and in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392, (Bankr. S.D. Ill.), to the extent necessary to consider the United States Trustee's motion (Doc. 2) and Judge Grandy's Report (Doc. 4).

The Court **RESERVES RULING** on the remainder of the findings and recommendations of the Report pending consideration of Taylor's sole objection: insufficient evidence to find he prepared Johnson's bankruptcy petition.

The Court further **ORDERS** Taylor to **SHOW CAUSE** why the Court should not

(1) find him in civil contempt for violation of the Consent Judgment and Injunction entered by the Bankruptcy Court on March 13, 2012, in *In re Cross*, Bank. Case No. 11-32217, Adv. Case No. 11-3392, and

(2) impose the additional sanctions recommended by Judge Grandy.

The Court will hold a show cause hearing on September 16, 2016, at 10:00 a.m. at the United States Courthouse in East St. Louis, Illinois, at which time it will take additional evidence regarding Taylor's involvement, if any, in the preparation of Johnson's bankruptcy petition.   The Court strongly suggests the United States Trustee arrange for Johnson to be present in person to give live testimony about the identity of her petition preparer.   The Court further **WARNS** Taylor that if he fails to show up at the hearing, the Court will construe his failure to show as a forfeiture

of his objection to the Report and an admission that he prepared Johnson's bankruptcy petition and may impose any or all of the sanctions recommended by Judge Grandy in the Report.

The Court **ORDERS** the United States Trustee to serve a copy of this order on Wendell Taylor pursuant to the procedures for serving process in a civil case as set forth in Federal Rule of Civil Procedure 4(e). The Court further **DIRECTS** the Clerk of Court to send a copy of this Memorandum and Order to Judge Grandy.

**IT IS SO ORDERED.**
**DATED: August 4, 2016**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**