UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE<br><br>X'LEXUS JOHNSON,<br><br>Debtor,<br><br>NANCY GARGULA, United States Trustee,<br><br>Petitioner,<br><br>v.<br><br>WENDELL TAYLOR,<br><br>Respondent. | Case No. 16-cv-64-JPG<br>Ch. 13 Bankruptcy Case No. 15-31025 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on respondent Wendell Taylor's motion for recruitment of counsel (Doc. 12) and motion for leave to proceed *in forma pauperis* (Doc. 13). Since Taylor is not obligated at this time to pay any court fees or costs, the Court presumes his motion for *in forma pauperis* status is offered to support his indigency in connection with his request for counsel.

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively

precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

The question of Taylor's indigency aside, the Court finds inadequate Taylor's evidence of his efforts to obtain counsel. He states that he has contacted several attorneys but they refused to take his case. He has not, however, given any specifics about those efforts. Without more specific information about who he contacted and when he contacted them, the Court cannot find he has made reasonable efforts to obtain counsel or has been precluded from doing so.

More importantly, Taylor appears competent to litigate the issues in this civil proceeding on his own. Taylor's only objection to Bankruptcy Judge Laura K. Grandy's Report and Recommendation is her finding of fact that Taylor prepared the bankruptcy petition of debtor X'Lexus Johnson. Thus, that is the only issue at the show cause hearing, and one which the Court believes Taylor is fully competent to litigate himself. He has demonstrated to the Court his ability to read and understand court orders, to understand principles of law and to articulate relevant arguments in a coherent fashion. His motion indicates he has some college education. He does not need counsel for this hearing, and counsel's presence would not likely made a difference in the outcome of the proceeding.[1]

For these reasons, the Court **DENIES** Taylor's motion for recruitment of counsel (Doc. 12)

---

[1] Should the Court ever recommend criminal prosecution of Taylor, he will be entitled to counsel at the appropriate time in accordance with the Sixth Amendment to the U.S. Constitution.

and its supporting motion for leave to proceed *in forma pauperis* (Doc. 13).

**IT IS SO ORDERED.**
**DATED:   August 29, 2016**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**